**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **RONNIE LOSCHIAVO & SHAWN SELBY**, on behalf of themselves and those similarly situated, | * | |
| | * | Case No. 2:21-cv-5069 |
| Named Plaintiffs, | * | Judge |
| v. | * | Magistrate Judge |
| **ADVANCED DRAINAGE SYSTEMS, INC.**, | * | **JURY DEMAND ENDORSED HEREON** |
| c/o CT Corporation System 4400 Easton Commons Way, Suite 125 Columbus, Ohio 43219, | * | |
| | * | |
| Defendant. | * | |

**PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now come Named Plaintiffs Ronnie Loschiavo ("Named Plaintiff Loschiavo" or "Loschiavo") and Shawn Selby ("Named Plaintiff Selby" or "Selvy") (collectively "Named Plaintiffs"), by and through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for their Collective and Class Action Complaint against Advanced Drainage Systems, Inc. ("ADS" or "Defendant") for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03 ("the Ohio Wage Act"); the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15; and Article II, Section 34a of the Ohio Constitution (the Ohio Wage Act, the OPPA, and Article II, Section 34a of the Constitution will be referred to collectively as "the Ohio Acts"). Named Plaintiffs' FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) while the Ohio Acts claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following

collective and class action allegations are based on personal knowledge as to Named Plaintiffs' own conduct and Defendant's business records, and they are made on information and belief as to the acts of others. Named Plaintiffs, individually and on behalf of others similarly situated, hereby allege as follows:

## I. JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA, 29 U.S.C. § 216(b).

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio (the Ohio Acts) over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to their claims occurred in the Southern District of Ohio; Defendant has its headquarters located at 4640 Trueman Blvd., Hilliard, Ohio 43026, which is in this judicial district; and/or Defendant otherwise conducted substantial business in the Southern District of Ohio, Eastern Division.

## II. FACTUAL ALLEGATIONS

### A. Named Plaintiff Loschiavo

4. Named Plaintiff Loschiavo is an individual, a United States citizen, and a resident of this judicial district.

5. Loschiavo worked as a machine/line operator, which is an hourly, non-exempt position of Defendant, from approximately September 2018 until March 2021. At all times

relevant, he was compensated on an hourly basis and never on a salaried basis. As such, he is an "employee" as defined in the FLSA and the Ohio Acts.

6. Loschiavo generally worked Monday through Friday, but also worked on some weekends.

7. At all times relevant, Loschiavo primarily performed non-exempt duties for Defendant, including operating a machine on a production line to manufacture pipes, at Defendant's production facility located at 400 E. High St., London, Ohio 43140.

8. Named Plaintiff Loschiavo's Consent to Join Form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

### B. Named Plaintiff Selby

9. Named Plaintiff Selby is an individual, a United States citizen, and a resident of Wooster, Ohio.

10. Selby worked as a yard loader, which is an hourly, non-exempt position of Defendant, from approximately November 2016 until June 2020. At all times relevant, he was compensated on an hourly basis and never on a salaried basis. As such, he is an "employee" as defined in the FLSA and the Ohio Acts.

11. At all times relevant, Selby primarily performed non-exempt duties for Defendant, including loading open bed trailers with various pipes and/or piping products, at Defendant's facility located at 3113 W. Old Lincoln Way, Wooster, Ohio 44691.

12. Selby primarily worked Monday through Friday, including weekends.

13. Named Plaintiff Loschiavo's Consent to Join Form is also filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A.**

### C. Defendant Advanced Drainage Systems, Inc.

14. At all times relevant, ADS is a foreign for-profit corporation authorized to do business in Ohio. ADS maintains its headquarters located at 4640 Trueman Blvd., Hilliard, Ohio 43026, and it regularly conducts business in this judicial district.

15. Upon information and belief, ADS is a manufacturer of corrugated pipe and services the storm and water waste industry through a global network of domestic and international manufacturing plants and distribution centers.

16. ADS offers a complete line of fittings and other products, including sanitary sewer pipe, storm water chambers, and drainage structures (among other products).

17. Upon information and belief, ADS has at least fifty (50) facilities across the continental United States, spanning Ohio, Arizona, California, Colorado, Florida, Georgia, Illinois, Indiana, Iowa, Kentucky, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, New Jersey, New York, North Carolina, North Dakota, Oklahoma, Oregon, Pennsylvania, Tennessee, Texas, Utah, Virginia, and Washington.

18. As a result, at all times relevant, ADS was also an "employer" as that term is defined by the FLSA and the Ohio Acts due to its employment of Named Plaintiffs and those similarly situated as described herein.

19. At all relevant times, Defendant had direct or indirect control and authority over Named Plaintiffs' and other similarly situated employees' working conditions, including matters governing the essential terms and conditions of their employment. At all relevant times, Defendant exercised that authority and control over Named Plaintiffs and other similarly situated employees.

20. At all relevant times, Defendant had the authority to (and does) hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

21. Upon information and belief and Defendant's own business records, Defendant applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees at all of its locations, including policies, practices and procedures relating to the payment of wages, overtime, and timekeeping.

22. At all relevant times, Defendant suffered or permitted Named Plaintiffs and other similarly situated employees to work. The work that Named Plaintiffs and other similarly situated employees performed was for Defendant's benefit.

23. During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiffs and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

24. During relevant times, Defendant has benefitted from the work performed by Named Plaintiffs and those similarly situated.

25. Upon information and belief, Defendant operated/operate and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

26. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

### III. COLLECTIVE AND CLASS ACTION ALLEGATIONS

27. Despite utilizing a timekeeping system that tracks when each hourly employee "punches" or clocks in/out[1] each day, Defendant has a policy and/or practice whereby it generally only compensates its employees for their scheduled shifts (or rounds down to their scheduled shifts) rather than for all of the time it suffered or permitted its employees to work for a variety of reasons more fully outlined below.

**(Unpaid Overtime as a Result of Interrupted Meal Periods)**

28. Once clocked in, Named Plaintiffs and similarly situated employees continued working at all times with the exception of several breaks, including an automatic 30-minute meal break.

29. Defendant maintains a policy/practice of requiring a daily 30-minute meal break deduction from Named Plaintiffs and those similarly situated. However, Named Plaintiffs and those similarly situated regularly did not receive a bona fide meal break.

30. Named Plaintiffs and other similarly situated employees often were unable to take a meal break or they otherwise had their meal breaks interrupted by job duties because they cannot abandon their job posts and they were regularly encouraged by supervisors to complete as much production or as many loads as possible during each shift.

---

[1] For all intents and purposes, the terms "punch in" and "clock in" are used interchangeably and have the same meaning herein. In addition, the terms "punch out" and "clock out" also are used interchangeably and have the same meaning.

31. Consequently, Named Plaintiffs and other similarly situated employees often did not receive a fully uninterrupted bona fide meal break of thirty (30) minutes. Nevertheless, Defendant required a daily 30-minute meal break deduction.

32. Defendant's meal break deduction despite that Named Plaintiffs and other similarly situated employees regularly do not receive a bona fide meal break violates the FLSA.

**(Unpaid Overtime because of a Policy or Practice which consistently Rounds Compensable Hours Down to the Detriment of Employees)**

33. Named Plaintiffs and other similarly situated employees regularly perform unpaid work before the scheduled start or after the scheduled end of their shifts. Some of the unpaid work is performed on the clock, while other unpaid work is performed off the clock. Regardless of if the work is on or off the clock, Defendant fails to pay Named Plaintiffs and other similarly situated employees for work performed before or after their scheduled shifts.

34. The pre-shift work includes meeting with and receiving instruction from supervisors, discussing issues with prior shifts, performing safety checks, retrieving tools, and gathering necessary items. Named Plaintiffs and other similarly situated employees were required to be prepared to begin producing no later than the scheduled start of their shifts.

35. Despite performing pre-shift work, Defendant does not pay its employees for such work regardless of whether such work is performed on or off the clock.

36. Moreover, despite working up through and including until they clock out each day, which may result in working beyond their scheduled end of their shifts, Defendant regularly only compensated its employees for their scheduled shift and/or rounded down their compensable hours to their scheduled shifts.

37. Defendant's policy/practice whereby it improperly rounds Named Plaintiffs' and those similarly situated employees' punch-in and punch-out times down to their scheduled start

and scheduled end times violates the FLSA because it fails to compensate employees for all time they have actually worked.

38. As set forth herein, Defendant failed to compensate Named Plaintiffs and other similarly situated employees for all overtime hours worked as a result of pre-shift work, missed or interrupted unpaid meal breaks, and post-shift work.

39. This integral and indispensable unpaid work performed by Named Plaintiffs and other similarly situated employees was practically ascertainable to Defendant. There was no practical administrative difficulty of recording this integral and indispensable unpaid work by Named Plaintiffs and other similarly situated employees.

40. The unpaid work performed by Named Plaintiffs and other similarly situated employees constituted part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

41. Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Named Plaintiffs and other similarly situated employees and was part of their continuous workday.

42. Defendant knowingly and willfully failed to pay Named Plaintiffs and other similarly situated employees as described herein.

43. Upon information and belief, for the three years preceding the Complaint, Defendant applied the same pay practices and policies to all hourly, non-exempt employees at its facilities, including Named Plaintiffs.

44. Defendant is in possession and control of necessary documents and information from which Named Plaintiffs and other similarly situated employees would likely be able to calculate their on-the-clock damages. Upon information and belief, Defendant failed to record the

necessary and required information to determine all of the time that Named Plaintiffs and other similarly situated employees spent working.

### A. FLSA Collective Action for Unpaid Overtime Wages

45. Named Plaintiffs bring Count One of this action on their own behalf, pursuant to Section 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

46. The collective that Named Plaintiffs seek to represent and to whom Named Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, of which Named Plaintiffs themselves are members, is composed of and defined as follows:

> All current and former hourly production and yard employees of Defendant who were paid for at least forty (40) hours of work in one or more workweeks beginning three (3) years prior to the filing of this Complaint and continuing through the date of judgment. (the "FLSA Collective" or the "FLSA Collective Members").

47. This action is maintainable as an "opt-in" collective action pursuant to Section 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Named Plaintiffs, numerous current and former production employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Named Plaintiffs are each representative of those other employees and are acting on behalf of their interests, as well as their own, in bringing this action.

48. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to Section 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

### B. Federal Rule of Civil Procedure 23 Class Action for Unpaid Overtime Wages

49. Named Plaintiffs bring their Ohio Acts claims pursuant to Rule 23 as a class action on behalf of themselves and all other members of the following class:

> All current and former hourly Ohio production and yard employees of Defendant who were paid for at least forty (40) hours of work in one or more workweeks beginning two (2) years prior to the filing of this Complaint and continuing through the date of judgment. (the "Rule 23 Class" or the "Rule 23 Class Members").

50. The Rule 23 Class includes all production and yard employees employed by Defendant who worked in the State of Ohio during the relevant time period above.

51. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

52. Named Plaintiffs are each a member of the Rule 23 Class, and their claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

53. Named Plaintiffs will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

54. Named Plaintiffs have no interest that are antagonistic to or in conflict with those interests of the Rule 23 Class that they have undertaken to represent.

55. Named Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

56. Questions of law and fact are common to the Rule 23 Class.

57. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their non-exempt production and yard work employees.

58. Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiffs and the Rule 23 Class as a whole.

59. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

60. Questions of law and fact that are common to the Rule 23 Class include but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Rule 23 Class for certain hours worked in excess of forty (40) hours per week as described herein; (b) whether Defendant kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiffs and other members of the Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; (e) whether the unpaid and/or withheld compensation remained unpaid in violation of the OPPA; and (f) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

61. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiffs and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class as defined herein. Because the damages sustained by individual members may be modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their

rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## IV. CAUSES OF ACTION

### COUNT I
### (29 U.S.C. § 207 - FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME)

62. All of the preceding paragraphs are realleged as if fully rewritten herein.

63. This claim is brought as part of a collective action by Named Plaintiffs on behalf of themselves and the FLSA Collective Members against Defendant.

64. Defendant's practice and/or policy of not paying Named Plaintiffs and other similarly situated employees for integral and indispensable work performed outside of their scheduled shifts each day violated the FLSA, 29 U.S.C. § 207; *see also* 29 C.F.R. § 785.24 (stating same).

65. Further, Defendant's practice and/or policy of not paying Named Plaintiffs and other similarly situated employees overtime compensation at a rate of one-and-one-half (1.5x) times their regular rates of pay for all hours worked, including pre-shift work, missed or interrupted unpaid meal breaks, and post-shift work.

66. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Named Plaintiffs and other similarly situated employees violated the FLSA. *See* 29 C.F.R § 516.2(a)(7).

67. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

68. As a result of Defendant's practices and/or policies, Named Plaintiffs and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

69. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiffs and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such calculations are in the possession of Defendant and/or were not kept by Defendant.

70. Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of themselves and the FLSA Collective Members.

## COUNT II
### (O.R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)

71. All of the preceding paragraphs are realleged as if fully rewritten herein.

72. This claim is brought under the Ohio Wage Act.

73. Named Plaintiffs and the Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio law.

74. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

75. While employed by Defendant, Named Plaintiffs and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under Section 4111.03, but were not fully paid overtime wages for all such hours spent working as outlined above.

76. As a result of Defendant's company-wide corporate policies and/or practices as described herein, it failed to pay Named Plaintiffs and the Rule 23 Class Members all overtime wages earned resulting in unpaid overtime.

77. Named Plaintiffs and the Rule 23 Class were not exempt from the wage protections of the Ohio Wage Act.

78. Defendant's repeated, knowing failure to pay overtime wages to Named Plaintiffs and the Rule 23 Class Members were violations of the Ohio Wage Act, and, as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the Rule 23 Class Members are entitled.

79. For Defendant's violations of the Ohio Wage Act, Named Plaintiffs and the Rule 23 Class Members have suffered and continue to suffer damages. Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest, attorneys' fees, and all other remedies available on behalf of themselves and the Rule 23 Class Members.

## COUNT III
### (O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION)

80. All of the preceding paragraphs are realleged as if fully rewritten herein.

81. Named Plaintiffs and the Rule 23 Class Members have been employed by Defendant.

82. During relevant times, Defendant was an entity covered by the OPPA, and Named Plaintiffs and the Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

83. The OPPA requires that Defendant pay Named Plaintiffs and the Rule 23 Class Members' all wages, including unpaid overtime, on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof *and* on or before the fifteenth day of each month for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

84. During relevant times, Named Plaintiffs and the Rule 23 Class Members were not paid all wages, including overtime wages at one-and-one-half times their regular rates of pay within thirty (30) days of performing the work as outlined above. *See* O.R.C. § 4113.15(B).

85. Named Plaintiffs and the Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

86. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## COUNT IV
### (O.R.C. § 2307.60 – DAMAGES ON BEHALF OF NAMED PLAINTIFFS AND THE OHIO RULE 23 CLASS)

87. All of the preceding paragraphs are realleged as if fully rewritten herein.

88. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

89. By their acts and omissions described herein, Defendant has willfully violated the FLSA, and Named Plaintiffs and the Rule 23 Class have been injured as a result.

90. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

91. As a result of Defendant's willful violations of the FLSA, Named Plaintiffs and the Rule 23 Class are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiffs request judgment against Defendant and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C. Certifying the proposed Rule 23 Class;

D. Finding that Defendant has failed to keep accurate records in accordance with the FLSA and Ohio law and that Named Plaintiffs, the FLSA Collective Members, and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Finding that Defendant's wage and hour policies and/or practices as alleged herein violate the FLSA;

F. Declaring judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiffs and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

G. Declaring judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiffs and all other similarly situated employees during the applicable statutory period under the FLSA and continuing through trial;

H. Awarding to Named Plaintiffs and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio law, pursuant but not limited to the OPPA;

I. Awarding to each Named Plaintiff a service award for their efforts in remedying various pay policies/practices as outlined above;

J. Awarding to Named Plaintiffs and the Rule 23 Class Members punitive, exemplary, and compensatory damages under O.R.C. § 2307.60;

K.	Awarding to Named Plaintiffs, the FLSA Collective Members, and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts and reimbursement of expenses;

L.	Directing Defendant to pay reasonable attorneys' fees and all costs connected with this action;

M.	Granting Named Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

N.	Declaring judgment for all civil penalties to which Named Plaintiffs and all other similarly situated employees may be entitled; and

O.	Awarding such other and further relief as to this Court may deem necessary, just, or proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
1550 Old Henderson Rd.
Suite #126
Columbus, Ohio 43220
Telephone: (614) 949-1181
Facsimile: (614) 386-9964
Email: mcoffman@mcoffmanlegal.com
	agedling@mcoffmanlegal.com
	khendren@mcoffmanlegal.com

**BRYANT LEGAL, LLC**

*/s/ Daniel I. Bryant*
Daniel I. Bryant (0090859)
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: (614) 704-0546
Facsimile: (614) 573-9826
Email: dbryant@bryantlegalllc.com

*/s/ Matthew B. Bryant*
Matthew B. Bryant (0085991)
**BRYANT LEGAL, LLC**
3450 W Central Ave., Suite 370
Toledo, Ohio 43606
Telephone: (419) 824-4439
Facsimile: (419) 932-6719
Email: Mbryant@bryantlegalllc.com

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

/s/ Matthew J.P. Coffman
Matthew J.P. Coffman

*Attorneys for Named Plaintiffs and those similarly situated*